IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY RAY HAWES, | No. C 11-4361 WHA (PR) |
| Plaintiff, | **ORDER DENYING REQUEST TO REOPEN CASE AND FOR RECONSIDERATION** |
| vs. | |
| STATE OF CALIFORNIA, | |
| Defendant. / | |

Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. 1983. He seeks to be released from custody based upon his claim that defendant forced medication upon him during his trial, which plaintiff contends violated his First Amendment right to the separation of church and state. As release from custody is a form of relief that may only be obtained in federal court by way of a petition for a writ of habeas corpus under 28 U.S.C. 2254, *see Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release" from confinement); *see Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004) (challenges implicating the fact or duration of confinement must be brought in a habeas petition), the complaint was dismissed without prejudice to filing a petition for a writ of habeas corpus.

Plaintiff has written letters to the court asking if he can proceed with this action and have it reopened if he only seeks money damages instead of release from custody. These letters are construed as a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. In order to recover money damages under 42 U.S.C. 1983 based on an alleged error during a criminal trial in state court, a plaintiff must prove that the conviction arising from that

1  trial has been reversed on direct appeal, expunged by executive order, declared invalid, or
2  called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*,
3  512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or
4  sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487. Until
5  plaintiff's conviction has been reversed, expunged or otherwise invalidated, he may not obtain
6  money damages based upon his claim that his rights were violated during his trial in state court.
7  Accordingly, plaintiff's request for reconsideration and to reopen his case is **DENIED**.

8  The clerk is instructed to mail plaintiff the court's form for filing a habeas petition under
9  28 U.S.C. 2254.

10  **IT IS SO ORDERED.**

11  Dated: March __7__, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\CR.11\HAWES4361.REC.wpd

2